IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MELVIN N. KELLUM, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. No. 11-226-SLR |
| ) | |
| PERRY PHELPS, Warden, ) | |
| and ATTORNEY GENERAL ) | |
| OF THE STATE OF DELAWARE, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM ORDER**

At Wilmington this 11th day of February, 2013, having considered petitioner's combined motion for an extension of time to file a reply to the State's answer and request for representation by counsel;

IT IS ORDERED that:

1. Petitioner's motion for an extension of time to file a reply to the State's answer (D.I. 22) is **DENIED** as moot. Petitioner filed a document titled "memorandum in support" approximately fifteen days after filing his motion for an extension of time, apparently in response to the State's answer.

2. Petitioner's motion for representation by counsel (D.I. 22) is **DENIED** without prejudice to renew, for the reasons that follow:

    a. It is well-settled that a petitioner does not have an automatic constitutional or statutory right to representation in a federal habeas proceeding. See *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). Nevertheless, a court may seek representation by counsel for a petitioner who demonstrates " special circumstances

indicating the likelihood of substantial prejudice to [petitioner] resulting . . . from [petitioner's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." See Tabron v. Grace, 6 F.3d 147, 154 (3d Cir. 1993)(citing Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); 18 U.S.C. § 3006A (a)(2)(B)(representation by counsel may be provided when a court determines that the "interests of justice so require").

      b. Here, petitioner requests representation by counsel because he is indigent; he does not have a high school education; and he has a history of mental health issues. Petitioner asserts that he "is not competent to file an appeal, and was never tested to see if he was or not by the State attorneys or the trial court." (D.I. 22 at 2) Attached to petitioner's motion is a portion of the Delaware Superior Court's sentencing hearing transcript, during which defense counsel explained that,

> from a very early age, [petitioner] had some behavioral problems. And that's reflected in a number of commitments to various facilities. He's been involved with Delaware Guidance, the Terry Center, Pace Options, Douglas Behavioral School. Meadowood Hospital has treated him. Rockford Center has treated him. [] He has been treated at some of these facilities. Meadowood did not report back. And there are some diagnoses from Rockford Center indicating there were some issues for which medication was issued.

(D.I. 22 at 8-9)

      c. Turning first to petitioner's assertion that he suffers from mental health issues and is not competent, the court notes that Federal Rule of Civil Procedure 17(c)(2) provides that "[t]he court must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action." The United States Court of Appeals for the Third Circuit has interpreted Rule 17(c)(2) as requiring a district court to sua sponte determine if a pro se litigant is

incompetent to litigate his action and is, therefore, entitled to either appointment of a guardian ad litem or other measures to protect his rights. See Powell v. Symons, 680 F.3d 301, 307 (3d Cir. 2012). A district court's obligation under Rule 17(c)(2) is triggered if it is "presented with evidence from an appropriate court of record or a relevant public agency indicating that the party has been adjudicated incompetent, or if the court receive[s] verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent." Id. at 307. However, the court "need not inquire sua sponte into a pro se plaintiff's mental competence based on a litigant's bizarre behavior alone, even if such behavior may suggest mental incapacity." Id. at 303. The decision whether to appoint a next friend or guardian ad litem rests within the sound discretion of the district court. Id.

    d. In this case, the sentencing hearing transcript reflects that petitioner has a "mental health history" and that he has been provided some undisclosed medication at some point in time for his problems. This evidence, while thin, suffices to place the court on notice that a Rule 17 inquiry is appropriate.

    e. That said, there are no mental health records contained in the court file. Even if the court were to accept, as correct, defense counsel's assertions during the Superior Court sentencing hearing, there is no verifiable evidence of record regarding petitioner's mental health issues (other than his own statements), nor any evidence that petitioner is unable to understand the legal proceedings he has initiated.

    f. In addition, petitioner has filed numerous pleadings in this case. The pleadings are articulate, well-reasoned, and address the issues raised in his

3

application.

       g. For these reasons, the court finds that the medical evidence of record is sufficiently unpersuasive to support a finding of incompetency. Inasmuch as there is no substantial question regarding petitioner's competence, it is not necessary to conduct a Rule 17(c) competency hearing.

       h. Further, after viewing the record in context with petitioner's filings, the court concludes that the interests of justice do not require representation by counsel at this time. It also does not appear that expert testimony will be necessary or that the ultimate resolution of the petition will depend upon credibility determinations. Accordingly, the court denies without prejudice petitioner's request for representation.

                                          /s/ _____
                                        UNITED STATES DISTRICT JUDGE